## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**RAUL ANTONIO TRINIDAD,**

      **Plaintiff,**

**v.**                                                    **Case No: 5:23-cv-28-TJC-PRL**

**CVS HEALTH CORPORATION and**
**CVS PHARMACY, INC.,**

      **Defendants.**

_____

### ORDER

Before the Court, upon referral, is *pro se* Plaintiff's renewed motion to compel copies of his prescriptions and the prescription prices paid by him. (Doc. 29). Plaintiff represents that the motion is opposed. While Plaintiff argues that this motion is timely, rather than premature, he fails to cite to any Federal Rule of Civil Procedure that would indicate this is the case. Moreover, it seems equally unlikely that the **Florida** Rules of Civil Procedure Plaintiff cites would support the proposition that his motion is timely.[1]

As the Court previously explained **twice,** Plaintiff is filing this motion to compel prematurely. (Docs. 21 & 27). On June 13, 2023, Plaintiff filed his amended complaint. (Doc. 28). The parties have yet to conduct their Rule 26(f) conference. Fed. R. Civ. P. 26(f). Initial disclosures are due at this conference or fourteen days thereafter under the Rule. *Id.* However, even if the parties had conducted their Rule 26(f) conference, it is unclear that the instant discovery Plaintiff seeks qualifies as an initial disclosure under Rule 26(a)(1)(A). *Id.*; Fed. R.

_____

[1] Plaintiff cites to Florida Rule of Civil Procedure 26(e), (Doc. 29 at 6), however, it does not appear that there is such a rule. *See, e.g.*, Fla. R. Civ. P. 1.280.

Civ. P. 26(a)(1)(A). Accordingly, Defendant lacks an obligation to produce the instant discovery to Plaintiff at this time.

Moreover, as Defendant is without an obligation to produce discovery at this moment, Plaintiff's arguments regarding spoliation of evidence are without merit. *Cf. Se. Mech. Servs., Inc. v. Brody*, 657 F. Supp. 2d 1293, 1299 (M.D. Fla. 2009) (imposing sanctions for spoliation of evidence where "there was a duty to produce this evidence."). Again, Plaintiff is using the improper mechanisms at the improper time to seek the instant discovery. *See, e.g.*, Fed. R. Civ. P. 26(d)(2) (providing that an early Rule 34 request may be delivered more than twenty-one days after service of the summons and complaint) (citing Fed. R. Civ. P. 34).

Accordingly, Plaintiff's motion to compel (Doc. 29), is **denied**.

Finally, Plaintiff is reminded, **again**, that his non-compliance with the Court's Local Rules Federal Rules of Civil Procedure, and the Federal Rules of Evidence can result in **sanctions**.[2] (Docs. 21 & 27). Because the Court is taking up this motion before Defendant filed its response in opposition, it will decline to award Defendant attorney's fees. However, if Plaintiff files another premature motion to compel, the Court will not hesitate to impose sanctions mandated by Rule 37(a)(5)(B). Fed. R. Civ. P. 37(a)(5)(B).

**DONE** and **ORDERED** in Ocala, Florida on June 22, 2023.

PHILIP R. LAMMENS
United States Magistrate Judge

---

[2] Plaintiff may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled Guide for Proceeding Without a Lawyer, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm).

Copies furnished to:

Counsel of Record
Unrepresented Parties