UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**RAUL ANTONIO TRINIDAD,**

    Plaintiff,

v.                                                            Case No: 5:23-cv-28-TJC-PRL

**CVS HEALTH CORPORATION / CVS PHARMACY, INC.,**

    Defendants.

## REPORT AND RECOMMENDATION[1]

Upon referral, before the Court is Defendant's motion to dismiss the *pro se* Plaintiff's amended complaint under Federal Rules of Civil Procedure 8(a) and 12(b)(6). (Doc. 31). Because the amended complaint (Doc. 28) is a shotgun pleading that this Court lacks subject-matter jurisdiction over, I recommend granting the motion to dismiss.

### I. BACKGROUND

According to the allegations of the amended complaint, this action arises out of Plaintiff's visits to the pharmacy in one of Defendant's, CVS Health Corporation ("CVS"), stores. On January 21, 2022, the CVS store's pharmacy gave Plaintiff 0.5 milligrams of his antipsychotic medication instead of 1.0 milligrams as prescribed by his psychiatrist. Three days later, Plaintiff filed a complaint with CVS customer service, but did not receive a response. Despite being "in a state of paranoia about the defendant's intentions[,]" Plaintiff

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

returned to the CVS store on January 27th, and was "verbally assaulted by the Pharmacist [sic] on duty, Mr. Dean Hayward[.]" (Doc. 28 at ¶¶ 5, 7). On May 18th, 2022, Mr. Hayward allegedly used "**Discriminatory** [sic] language against the Plaintiff [sic]" whose "Race [sic] is **Black** [sic] and Ethnicity [sic] is **Latino** [sic]. . . [and who] is an **Immigrant** [sic]." *Id.* at ¶¶ 4, 8 (emphasis in original).

Thereafter, Plaintiff made different complaints to the CVS customer service department, regarding Mr. Hayward's alleged verbal assault and other incidents of prescription pricing irregularities, changes in his prescription records, and allergic reactions to medications prescribed. Plaintiff also alleges that CVS mishandled his complaints and inappropriately told him to forward CVS a copy of his lawsuit. *See, e.g.*, (Doc. 28 at ¶ 16).

After granting Defendant's motion to dismiss the complaint due to it being a shotgun pleading and failing to state a claim, the Court provided Plaintiff an opportunity to amend his complaint. (Doc. 25). Plaintiff's amended complaint asserts general claims of negligence and discrimination against the defendant while failing to delineate specific claims.

## II.    LEGAL STANDARDS

A *pro se* complaint is entitled to a generous interpretation. *Haines v. Kerner*, 404 U.S. 519 (1972). Even so, the complaint must meet certain pleading requirements. Under Rule 12(b)(6), a complaint that fails to "state a claim upon which relief can be granted" is subject to dismissal. In reviewing a motion to dismiss, a court considers the complaint, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007). To withstand a motion to dismiss, the complaint must state a claim to relief that is plausible on its face; that is, it must contain "factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). A pleading that offers only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. "Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). Further, under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." If the court cannot "infer more than the mere possibility of misconduct," the complaint does not show entitlement to relief. *Iqbal*, 556 U.S. at 679.

Jurisdiction is a threshold issue in any case pending in United States district court. Indeed, federal courts are courts of limited jurisdiction, which are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of So. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Subject-matter jurisdiction, therefore, is a threshold inquiry that a court is required to consider before addressing the merits of any claim, and may do so *sua sponte* (that is, on its own). *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (raising federal jurisdiction issue *sua sponte*); *cf. Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction

does not exist arises."). If a court "determines at any time that it lacks subject-matter jurisdiction, [it] . . . must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III. DISCUSSION

#### A. Shotgun Pleading

As CVS argues, the amended complaint is a shotgun pleading. Complaints violating Federal Rules of Civil Procedure 8(a)(2) or 10(b) "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has recognized four basic types of shotgun pleadings: (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Id.* at 1321–23.

The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil dockets." *PVC Windows, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). Shotgun pleadings require the district court to sift through allegations to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6) or for a more definite statement under Rule 12(e). *Paylor v. Hartford Fire Ins.*, 748 F.3d 1117, 1126 (11th Cir. 2014).

Here, the amended complaint is an impermissible shotgun pleading. Indeed, it fails to state a claim, listing no causes of action nor counts, only generally referring to "Negligence [sic] and Discrimination [sic] by the defendant[.]" (Doc. 28 at 1). Further, it is comprised of forty-three pages that contain vague, conclusory, and immaterial facts, for example, alleging that "Plaintiff joined the U.S [sic] Navy at 19 years of age. However, did not complete Basic Training [sic] due to Mental Health [sic] issues[.]" (Doc. 28 at ¶ 4).

Accordingly, because the amended complaint is a shotgun pleading, I recommend **granting** Defendant's motion and dismissing this action.

### B. Lack of Subject-Matter Jurisdiction

Additionally, although unraised in Defendant's motion, it appears that this Court lacks subject-matter jurisdiction over this action. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977) ("we are obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction") (first citing *Liberty Mut. Ins. v. Wetzel*, 424 U.S. 737, 740 (1976); then citing *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). Federal jurisdiction is based on either diversity of citizenship jurisdiction or federal question jurisdiction.

First, the amended complaint asserts that the Court has federal question jurisdiction over this action. Federal question jurisdiction exists if there has been a violation of Plaintiff's rights arising under the Constitution or federal law except "where such a claim is wholly insubstantial and frivolous." *Southpark Square Ltd. v. City of Jackson*, 565 F.2d 338, 341 (5th Cir.) *cert. denied*, 436 U.S. 946 (1978). Here, Plaintiff does not allege that Defendant violated federal law or any of his constitutional rights. To the contrary, Plaintiff alleges that "Federal Question exist [sic] pursuant to **28 U.S.C. section 1331** based upon the Plaintiff's [sic]

**AMENDED COMPLAINT** and the Plaintiff's [sic] cause of action for Discrimination [sic]." (Doc. 31 at 3). Moreover, the amended complaint expressly states that it is not alleging that Defendant violated the Americans with Disabilities Act ("ADA"). *Id.* at 2. The court cannot tell, and Plaintiff does not expressly say, what the basis for his discrimination claim would be.[2] Finally, claims of negligence arise under state law, and don't form the basis of this Court's jurisdiction. *Id.* at 1.

Second, the amended complaint asserts that the Court has diversity of citizenship jurisdiction over this action. Likewise, Plaintiff has not alleged a basis for diversity of citizenship jurisdiction—existing where the suit is between citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1). Here, Plaintiff alleges that he and Defendant are citizens of Florida. (Doc. 28 at 4) ("Defendant . . . is incorporated under the laws of the State of Florida"). Because the plaintiff and defendant are not diverse, there is no diversity jurisdiction.  28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"); *see Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978) ("Congress has established the basic rule that diversity jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship.").

---

[2] To the extent Plaintiff wanted to proceed under 42 U.S.C. § 2000a(a) (to obtain an injunction to prohibit discrimination in a place of public accommodation) or 42 U.S.C. § 1981 (to obtain damages for public accommodation discrimination), Plaintiff alleges no discernible tangible deprivation that is necessary for such a claim. *See Lester v. BING The Best, Inc.*, No. 09-81525-CIV, 2010 WL 4942835, at *3-5 (S.D. Fla. Nov. 30, 2010) (citing *Kinnon v. Arcoub, Gopman & Associs., Inc.*, 490 F.3d 886, 892 (11th Cir. 2007)).

## IV.   RECOMMENDATION

Accordingly, for the reasons stated above, I recommend **granting** CVS' motion to dismiss Plaintiff's amended complaint (Doc. 31).

Recommended in Ocala, Florida on July 28, 2023.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy